UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS

CHRISTIE COSENZA
              *Plaintiff,*

v.

RIVIAN AUTOMOTIVE, LLC

              *Defendant.*

Case No.

**Jury Trial Demanded**

**COMPLAINT AT LAW**

    Plaintiff Christie Cosenza, through her attorneys, brings this complaint and alleges the following against Rivian Automotive, LLC, upon personal knowledge as to herself and her own acts and based on information and belief and the investigation of her attorneys as to all other matters.

INTRODUCTION

    1.    This is a hostile environment, constructive discharge, and negligent supervision action brought under Title VII of the Civil Rights Act of 1964, the Illinois Human Rights Act ("IHRA"), and Illinois common law.

    2.    Plaintiff Christie Cosenza was harassed based on her gender and subjected to a hostile work environment because of Rivian's failure to adequately prevent or correct her harassment. Cosenza was also sexually assaulted and defamed because of Rivian's failure to adequately supervise its workers.

JURISDICTION AND VENUE

    3.    On November 21, 2022, Plaintiff filed charges of discrimination with the

1

Illinois Department of Human Rights ("IDHR") and EEOC.

4. Although Plaintiff requested a right-to-sue letter from the IDHR on January 25, 2023, Plaintiff did not receive one until May 10, 2023. Exhibit A.

5. Plaintiff received a right-to-sue letter from the EEOC on August 2, 2023. Exhibit B.

6. Plaintiff has filed with the 90-day right-to-sue period under Federal and Illinois law. 42 U.S.C. § 2000e-5(f)(1); 775 ILCS 5/2 102(C-1).

7. This Court has jurisdiction under 28 U.S.C. §1332 because the parties are residents of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8. This Court also has jurisdiction under 28 U.S.C. §1331 and § 1367 because Plaintiff brings claims under Title VII, and this Court has supplemental jurisdiction over Plaintiff's state law claims because they are so closely related to her federal claims that they form part of the same case or controversy. This Court has personal jurisdiction over Defendant because Defendant continuously conducts business within this District.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

**PARTIES**

10. Plaintiff Christie Cosenza resides in this district and was Defendant's employee under the IHRA and Title VII during the statutory period. She worked in

Defendant's battery department in its facility located at 100 Rivian Motorway, Normal, IL 61761.

11. Defendant Rivian is a U.S.-based automobile manufacturer and automotive technology company in the business of designing and building electric vehicles, registered to do business within Illinois. Rivian employs more than 10,000 employees nationwide, including approximately 6,000 employees at its Normal, Illinois facility. Rivian is an "employer" under the IHRA and Title VII.

## FACTS

12. Christie Cosenza was a female employee of Rivian from on or around May 10, 2021 to on or around September 14, 2022 when she was constructively discharged.

13. During her employment at Rivian, Cosenza was subject to severe and pervasive harassment based on her gender, resulting in a hostile work environment. This harassment included without limitation:

   a. regular catcalls, including comments like "nice tits" and "nice ass" as well as unwelcome wolf whistles.

   b. Sam Redd, a Rivian team lead, asking Cosenza if she could facilitate group sex with her daughter.

   c. Male employees feigning masturbation and ejaculation and then mocking Cosenza when she noticed this behavior and expressed her discomfort.

   d. Male employees publicly viewing and discussing pornography while

at work and in Cosenza's presence.

e. Male employees publicly discussing sexual conquests while at work and in Cosenza's presence.

f. Being forced to hide behind lockers and equipment to avoid harassment by a male employee known to Cosenza and other female employees as the "Forklift pervert."

g. When seeking to advance at work, being told by male employees that: "All you can do is watch kids," "You don't need that promotion; your husband can take care of you," and "If you get a promotion, it's because you're a woman and they're filling a quota."

h. Being referred to and hearing other female employees referred to as "bitches" and "cunts."

i. Being told that it was pointless to report sexual harassment because human resources "would not do anything."

14. Moreover, Rivian failed to adequately address and prevent the harassment that Cosenza experienced and failed to adequately supervise its personnel.

15. For instance, in June 2022 a coworker, Dontez Williams, approached Cosenza and placed his fingers between Cosenza's breasts without consent and commented that Cosenza had a plunging neckline.

16. Cosenza immediately made it clear to Williams that his conduct was unwelcome.

17. Following the incident Cosenza learned that several other female

coworkers had been harassed by Williams.

18. She then reported her harassment and the harassment of her female coworkers to her Group Lead, Mathew Hegland, who escalated the incident to Stephen Moll, an employee in Rivian's human resources department. Although Williams was ultimately terminated, the manner of his termination subjected Cosenza to defamation and exacerbated the preexisting hostile work environment.

19. Williams was told in advance that he was being terminated and why—in contravention of Rivian's standard protocol. This breach of protocol gave Williams an opportunity to retaliate against Cosenza.

20. The day after Williams was terminated, Cosenza discovered that Williams had sent an email to approximately 20 different Rivian employees, including Rivian's owner, and several of her direct supervisors, stating, among other things, that the complaints made by Cosenza were false and that she was lying about being sexually harassed and assaulted.

21. That same day Cosenza met with her Group Lead, Hegland, and her human resources representative, Moll, and asked why Williams had had access to his Rivian email account and was allowed to continue to work after he was told he was being terminated. Neither Moll nor Hegland were able to provide an explanation. When pressed Moll said, "I am just one HR person dealing with over 800 employees. What do you want me to do?"

22. In the wake of Williams' email, Cosenza's work conditions became intolerable. She was shunned by coworkers—including coworkers with whom she had to communicate to perform her duties—and subjected to further harassment. Sam Redd,

5

the same Rivian team lead who had earlier asked Cosenza if she could facilitate group sex with her daughter, approached Cosenza, placed his chin on her shoulder, and taunted her about William's email. As a result of the shunning and further harassment, Cosenza was forced to resign her position in September 2022.

## COUNT I
**(Illinois Human Rights Act—Hostile Environment Based on Sex)**

23. Plaintiff realleges and incorporates the foregoing paragraphs as if fully restated herein.

24. Plaintiff experienced severe and pervasive harassment while employed at Rivian.

25. The sexual harassment, discrimination, and assault Plaintiff experienced were severe, extremely offensive, humiliating, and created a hostile, intimidating, and unproductive work environment for Plaintiff that interfered with her ability to perform her job and interfered with the terms and conditions of her employment.

26. Defendant was aware of said harassment and did not take reasonable steps to prevent or correct it.

27. Plaintiff suffered and continues to suffer damages that were directly and proximately caused by Defendant's conduct. Plaintiff is therefore entitled to damages to the fullest extent permitted under the IHRA.

## COUNT II
**(Illinois Human Rights Act—Constructive Discharge)**

28. Plaintiff realleges and incorporates the foreg0oing paragraphs as if fully

restated herein.

29. Plaintiff is a woman who was harassed and discriminated against because of her gender.

30. Plaintiff resigned in September 2022. Among the factors contributing to her resignation were:

    a. The sexually hostile work environment that Defendant fostered;

    b. Management's failure to protect her identity while investigating sexual harassment;

    c. Management's failure to properly supervise and discipline workers accused of sexual harassment;

    d. Management's failure to protect Plaintiff from retaliation; and

    e. Being defamed and having private facts publicly disclosed as a direct and foreseeable result of management's failure to properly supervise workers.

31. These working conditions were so intolerable that a reasonable person would have been compelled to resign.

32. As a direct result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages. Plaintiff is therefore entitled to damages to the fullest extent possible under the IHRA.

## COUNT III
**(Illinois Human Rights Act—Retaliation)**

33. Plaintiff realleges the foregoing paragraphs as if fully restated herein.

34. Plaintiff complained of sexual harassment to Defendant's human

resources department.

35. Plaintiff's complaints constituted a protected activity.

36. Because she engaged in this protected activity, Defendant subjected Plaintiff to an adverse employment action, i.e., defamed her and constructively discharged her.

37. As a direct result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages. Plaintiff is therefore entitled to damages to the fullest extent possible under the IHRA.

## COUNT IV
### (Title VII—Hostile Environment)

38. Plaintiff realleges and incorporates the foregoing paragraphs as if fully restated herein.

39. Cosenza experienced severe and pervasive harassment while employed at Rivian.

40. The sexual harassment, discrimination, and assault Plaintiff experienced were severe, extremely offensive, humiliating, and created a hostile, intimidating, and unproductive work environment for Plaintiff that interfered with her ability to perform her job and interfered with the terms and conditions of her employment.

41. As a result of said severe and pervasive harassment, Plaintiff experienced a hostile work environment at Rivian and was constructively discharged.

42. Defendant was aware of said harassment and did not take reasonable steps to prevent or correct it.

43. Plaintiff suffered and continues to suffer damages that were directly and proximately caused by Defendant's conduct. Plaintiff is therefore entitled to damages to the fullest extent permitted under Title VII.

## COUNT V
### (Title VII—Constructive Discharge)

44. Plaintiff realleges and incorporates the foregoing paragraphs as if fully restated herein.

45. Plaintiff is a woman who was harassed and discriminated against because of her gender.

46. Plaintiff resigned in September 2022. Among the factors contributing to her resignation were:

    a. The sexually hostile work environment that Defendant fostered;

    b. Management's failure to protect her identity while investigating sexual harassment;

    c. Management's failure to properly supervise and discipline workers accused of sexual harassment;

    d. Management's failure to protect Plaintiff from retaliation; and

    e. Being sexually assaulted, defamed and having private facts publicly disclosed as a direct and foreseeable result of management's failure to properly supervise workers.

47. These working conditions were so intolerable that a reasonable person would have been compelled to resign.

48. As a direct result of Defendant's conduct, Plaintiff has suffered and will

continue to suffer damages. Plaintiff is therefore entitled to damages to the fullest extent possible under Title VII.

## COUNT VI
### (Title VII—Retaliation)

49.  Plaintiff realleges the foregoing paragraphs as if fully restated herein.

50.  Plaintiff complained of sexual harassment to Defendant's human resources department.

51.  Plaintiff's complaints constituted a protected activity.

52.  Because she engaged in this protected activity, Defendant subjected Plaintiff to an adverse employment action, i.e., defamed her and constructively discharged her.

53.  As a direct result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages. Plaintiff is therefore entitled to damages to the fullest extent possible under Title VII.

## COUNT VII
### (Negligent Supervision and Retention)

54.  Cosenza realleges and incorporates the foregoing paragraphs as if fully reinstated herein.

55.  Rivian hired Dontez Williams to work at its Bloomington-Normal facility.

56.  Williams' sexual harassment and assault of Rivian employees was well known to Rivian supervisors. After being notified that Williams had sexually assaulted Plaintiff, Rivian did not properly supervise Williams. Rivian's negligence

created a foreseeable risk of harm to individuals, including its employees.

57. Rivian's failure to adequately supervise Williams and its continued retention of Williams directly and proximately caused Plaintiff to be defamed, constructively discharged, and sexually assaulted. Plaintiff is therefore entitled to damages to the fullest extent possible under Illinois law.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court provide the following relief:

a. Back and front pay resulting from Defendant's violations of the IHRA and Title VII to the fullest extent permitted by law;
b. Compensatory and punitive damages resulting from Defendant's violations of the IHRA and Title VII to the fullest extent permitted by law;
c. Damages resulting from Defendant's violations of Illinois common law to the fullest extent permitted by law, including punitive damages;
d. Pre-judgment and post-judgment interest;
e. Reasonable attorneys' fees and costs; and
f. Such other relief as this Court may deem just and proper.

Francisco Fernandez del Castillo
(ARDC #6337137)
DEL CASTILLO LAW GROUP, LLC
11 E Adams St., Suite 1401
Chicago, IL 60604
312-216-0111
francisco@delcastillolawgroup.com

Respectfully Submitted

CHRISTIE COSENZA

/s *Francisco Fernandez del Castillo*
Attorney for Plaintiff